United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOWINSKI, | ) Case No. 11-6431-SC |
| | ) |
| Plaintiff, | ) ORDER GRANTING MOTION TO |
| | ) DISMISS AND DENYING MOTION |
| v. | ) TO EXPUNGE LIS PENDENS |
| | ) |
| WELLS FARGO BANK, N.A., and DOES | ) |
| 1-10, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## I.  **INTRODUCTION**

Plaintiff Richard Sowinski ("Plaintiff") challenges Defendant Wells Fargo Bank, N.A.'s ("Wells") foreclosure of his residential mortgage and the subsequent trustee sale of his residence.  On December 2, 2011, Plaintiff filed a complaint in California Superior Court, which Wells timely removed to this Court.  ECF No. 1 (notice of removal) Ex. A (complaint).  Also on December 2, Plaintiff recorded a lis pendens[1] against the subject property.

---

[1] "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice."  Fed. Deposit Ins. Corp. v. Charlton, 17 Cal. App. 4th 1066, 1069 (Cal. Ct. App. 1993).  "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged."  BGJ Associates, LLC v. Superior Court, 75 Cal. App. 4th 952 (Cal. Ct. App. 1999).

**United States District Court**
For the Northern District of California

1   RJN Ex. 9 ("Lis Pendens").[2]   The property was sold at public

2   auction on December 12, 2011.   RJN Ex. 8 ("Trustee's Deed") at 2.

3        On February 13, 2012, Wells filed two motions: (1) to dismiss

4   the complaint and (2) to expunge the lis pendens.   ECF Nos. 12, 13.

5   Plaintiff responded by filing an amended complaint, which is the

6   operative complaint in this case.   ECF No. 14 ("Am. Compl.").   The

7   amended complaint sets forth four claims: (1) quiet title under

8   Cal. Civ. Proc. Code § 760.020, (2) declaratory relief, (3)

9   injunctive relief, and (4) violation of California's Unfair

10  Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.

11       Following the filing of the amended complaint, Wells formally

12  withdrew its motions to dismiss and expunge.   ECF Nos. 16, 17.

13  However, on March 9, 2012, Wells filed new motions to dismiss and

14  expunge.   ECF Nos. 18 ("MTD"), 19 ("MTE").   Both are pending and,

15  because neither party has submitted further briefing, unopposed.

16       After the time for filing motions passed, but before the Court

17  issued an order, the parties asked to engage in Court-sponsored

18  mediation.   Accordingly, the Court referred them to mediation and

19  stayed the instant case pending completion of that process.   See

20  ECF No. 28 ("May 24 Order").   The mediation session ended without

21  settlement and the mediator certifies that no further mediation is

22  forthcoming.   ECF No. 34.   Further, the parties have filed a joint

23  statement signaling mutual intent to continue to litigate the case.

24  ECF No. 33.   Accordingly, the Court proceeds to the merits of the

25  pending motions to dismiss and expunge.

26  ───────────────

27  [2] Wells submitted a request for judicial notice.   ECF No. 20
    ("RJN").   The RJN is unopposed and the exhibits it contains are

28  judicially noticeable public documents.   Accordingly, the RJN is
    GRANTED and the Court takes judicial notice of the documents.

**United States District Court**
For the Northern District of California

1  **II.   DISCUSSION**

2      **A.   Motion to Dismiss**

3          Wells's pending motion to dismiss, being unopposed, and good

4  cause appearing, is GRANTED.  Having reviewed the amended complaint

5  carefully, the Court concludes that it contains little more than

6  "labels and conclusions," which do not support a viable cause of

7  action.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also

8  Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).  Additionally,

9  Plaintiff's failure to articulate cognizable legal theories with

10 respect to three of his four claims provide another reason for

11 dismissal.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696,

12 699 (9th Cir. 1988).

13         As a preliminary matter, the Court notes that Plaintiff

14 improperly asserts two claims styled "declaratory relief" and

15 "injunctive relief."  These are types of relief, not claims to

16 relief.  The availability of declaratory or injunctive relief

17 depends on the viability of a legal claim entitling Plaintiff to

18 such relief.  Thus, Plaintiff's declaratory and injunctive relief

19 "claims" are actually part of his prayer.  Accordingly, though

20 Plaintiff may still seek declaratory and injunctive relief in any

21 further pleading, provided that he asserts a claim that could give

22 rise to such relief, his standalone declaratory and injunctive

23 relief "claims" are DISMISSED WITH PREJUDICE.

24         Plaintiff's two other claims, quiet title and UCL, are

25 DISMISSED WITH LEAVE TO AMEND.  Plaintiff's quiet title claim fails

26 because Plaintiff does not allege tender.  "A quiet title action

27 must include: (1) a description of the property in question; (2)

28 the basis for plaintiff's title; and (3) the adverse claims to

3

**United States District Court**
For the Northern District of California

1    plaintiff's title." <u>Ananiev v. Aurora Loan Servs., LLC</u>, C 12-2275

2    SI, 2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012) (citing Cal.

3    Civ. Proc. Code § 760.020). "In order to satisfy the second

4    requirement, plaintiff must allege that he has discharged his debt,

5    regardless to whom it is owed." <u>Id.</u> (citing <u>Kelley v. Mort. Elec.</u>

6    <u>Registration Sys., Inc.</u>, 642 F. Supp. 2d 1048, 1057 (N.D. Cal.

7    2009)). That is, to state a claim, Plaintiff must allege a valid

8    and viable offer of tender. <u>See</u> <u>Chancellor v. OneWest Bank</u>, C 12-

9    01068 LB, 2012 WL 3834951, at *10 (N.D. Cal. Sept. 4, 2012)

10   (rejecting argument that California law excuses tender requirement

11   for quiet title claims). Nowhere in Plaintiff's amended complaint

12   does he do so. <u>See</u> Am. Compl. ¶¶ 10-23 [<u>sic</u> 24] (general

13   allegations), 24-27 [<u>sic</u> 25-28] (quiet title claim). Accordingly,

14   his quiet title claim fails as insufficiently pled.

15      Plaintiff's UCL claim also misses the mark. Plaintiff alleges

16   only legal conclusions and generalities. <u>E.g.</u>, <u>id.</u> ¶ 39 (alleging,

17   without specifics, that Wells engaged in "a systematic, methodical,

18   and general practice of defrauding [its] customers, the general

19   public and the state and local government"). Moreover, Plaintiff's

20   allegations sound in fraud, but fall far short of satisfying the

21   heightened pleading standard of Rule 9(b). <u>See</u> <u>Cafasso, U.S. ex</u>

22   <u>rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir.

23   2011) ("To satisfy Rule 9(b), a pleading must identify the who,

24   what, when, where, and how of the misconduct charged, as well as

25   what is false or misleading about the purportedly fraudulent

26   statement, and why it is false.") (internal quotation marks and

27   brackets omitted). Additionally, while Plaintiff incorporates the

28   amended complaint's general allegations by reference, he fails to

**United States District Court**
For the Northern District of California

1  specify how these support his UCL claim.  <u>See</u> Am. Compl. ¶¶ 37-41.
2  He also fails to identify on which "prong" of the UCL his claim
3  rests.  <u>See id.</u>; <u>see also</u> <u>Saunders v. Superior Court</u>, 27 Cal. App.
4  4th 832, 838-39 (1994) (distinguishing three prongs).  In short,
5  Plaintiff's UCL claim fails because he has yet to articulate a
6  cognizable theory of recovery or to plead specific facts supporting
7  it.  Accordingly, his UCL claim is DISMISSED WITH LEAVE TO AMEND.

8      **B.   <u>Motion to Expunge Lis Pendens</u>**

9      Due to Plaintiff's failure to oppose Defendant's motion to
10  expunge, the Court would be well within its discretion to grant the
11  motion.  Plaintiff bore the burden of proving that the lis pendens
12  should not be expunged, notwithstanding Wells being the moving
13  party.  Cal. Civ. Proc. Code § 405.30; <u>Cua v. Mortgage Elec.</u>
14  <u>Registration Sys., Inc.</u>, C 09-01605 SBA, 2012 WL 2792437, at *1
15  (N.D. Cal. July 9, 2012).  By failing to oppose Wells's motion,
16  Plaintiff failed to carry his burden and effectively consented to
17  expungement.  <u>See</u> <u>Cua</u>, 2012 WL 2792437, at *2; <u>Sencion v. Saxon</u>
18  <u>Mortg. Services, Inc.</u>, C 10-03108 SBA, 2012 WL 1355691, at *4 (N.D.
19  Cal. Apr. 17, 2012).  Additionally, Plaintiff's deficiently pled
20  complaint does not show "by a preponderance of the evidence the
21  probable validity of [his] real property claim." <u>Hunting World,</u>
22  <u>Inc. v. Superior Court</u>, 22 Cal. App. 4th 67, 70 (1994); <u>see also</u>
23  <u>Carnero v. Fed. Home Loan Mortg. Corp.</u>, C 11-1029 WHA, 2012 WL
24  195408, at *3 (N.D. Cal. Jan. 23, 2012) (expunging lis pendens
25  because complaint failed to state a real property claim).

26      Because Plaintiff has leave to amend, however, the Court
27  exercises its discretion to deny the motion to expunge without
28  prejudice.  <u>Compare</u> <u>Meneses v. CitiMortgage, Inc.</u>, 5:11-CV-05227

1  EJD, 2012 WL 1428908, at *3 (N.D. Cal. Apr. 24, 2012) (complaint

2  dismissed with leave to amend; motion to expunge denied without

3  prejudice) with Unlu v. Wells Fargo Bank NA, 5:10-CV-5422 EJD, 2011

4  WL 6141036 (N.D. Cal. Dec. 9, 2011) (complaint dismissed without

5  leave to amend; motion to expunge granted).  The Court is inclined

6  to give Plaintiff one last chance to establish the "probable

7  validity" of a claim concerning the real estate at issue.

8

9  **III. CONCLUSION**

10      For the foregoing reasons, Defendant Wells Fargo Bank N.A.'s

11  motion to dismiss is GRANTED and its motion to expunge lis pendens

12  is DENIED WITHOUT PREJUDICE.

13      Plaintiff Richard Sowinski's amended complaint is DISMISSED.

14  His injunctive relief and declaratory relief "claims," because they

15  are prayers for relief rather than claims for relief, are dismissed

16  WITH PREJUDICE.  Plaintiff's quiet title and UCL claims are

17  dismissed WITHOUT PREJUDICE.

18      Plaintiff may file a second amended complaint within thirty

19  (30) days from the signature date of this order.  Failure to do so

20  may result in final dismissal of this case.

21

22      IT IS SO ORDERED.

23

24      Dated:  November 26, 2012          _____

25                                         UNITED STATES DISTRICT JUDGE

26

27

28

**United States District Court**
For the Northern District of California