United States District Court
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   RICHARD SOWINSKI,                ) Case No. 11-6431-SC
                                     )
10            Plaintiff,             ) ORDER GRANTING IN PART AND
                                     ) DENYING IN PART MOTION TO
11       v.                          ) DISMISS SECOND AMENDED
                                     ) COMPLAINT AND GRANTING
12  WELLS FARGO BANK, N.A., and DOES ) MOTION TO EXPUNGE LIS
    1-10,                            ) PENDENS
13                                   )
              Defendants.            )
14  _____)

15  I.   **INTRODUCTION**

16        Plaintiff Richard Sowinski ("Plaintiff") challenges Defendant

17  Wells Fargo Bank, N.A.'s ("Wells Fargo") foreclosure of his

18  residential mortgage and the subsequent trustee sale of his

19  residence.  In connection with this action, Plaintiff recorded a

20  lis pendens against the subject property.[1]  Now before the Court is

21  Wells Fargo's motion to dismiss Plaintiff's Second Amended

22  Complaint ("SAC") and motion to expunge the lis pendens.  ECF Nos.

23  _____

24  [1] "A lis pendens is recorded by someone asserting a real property
    claim, to give notice that a lawsuit has been filed which may, if
25  that person prevails, affect title to or possession of the real
    property described in the notice."  Fed. Deposit Ins. Corp. v.
26  Charlton, 17 Cal. App. 4th 1066, 1069 (Cal. Ct. App. 1993).  "Once
    a lis pendens is filed, it clouds the title and effectively
27  prevents the property's transfer until the litigation is resolved
    or the lis pendens is expunged."  BGJ Associates, LLC v. Superior
28  Court, 75 Cal. App. 4th 952, 966 (Cal. Ct. App. 1999).

1  39 (Motion to Dismiss ("MTD")), 41 (Motion to Expunge ("MTE")).

2  The motions are fully briefed.  ECF Nos. 45 ("Opp'n"), 46 ("Reply

3  ISO MTD"); 47 ("Reply ISO MTE").  Pursuant to Civil Local Rule 7-

4  1(b), the Court finds this matter appropriate for resolution

5  without oral argument.  For the reasons set forth below, Wells

6  Fargo's motion to dismiss is GRANTED in part and DENIED in part,

7  and its motion to expunge is GRANTED.

8

9  **II.   BACKGROUND**

10       On February 3, 2006 Plaintiff and his wife, Mary B. Sowinski

11  borrowed $672,000 from World Savings Bank, FSB ("WSB").  ECF No. 40

12  (Request for Judicial Notice ("RJN")) Ex. 1.  The loan was secured

13  by a deed of trust recorded against Plaintiff's residence in Walnut

14  Creek, California.  RJN Ex. 2 ("DOT").  According to judicially

15  noticeable correspondence from federal banking regulators, WSB

16  later changed its name to Wachovia Mortgage, FSB, which was

17  subsequently converted to Wells Fargo Bank Southwest, N.A., and

18  then merged into Wells Fargo.  RJN Exs. 3, 4.

19       At the time of the loan transaction, Plaintiff was sixty-eight

20  years old and allegedly suffered from "pre-Alzheimers."  ECF No. 38

21  ("SAC") ¶ 1.  Plaintiff alleges that he was intentionally misled as

22  to the terms of the loan transaction.  Id. ¶ 9.  Specifically,

23  Plaintiff alleges that: (1) WSB falsely represented that the

24  interest rate on the loan was fixed rather than adjustable; (2) WSB

25  falsely stated Plaintiff's income and the value of the property on

26  the loan application; (3) Plaintiff was not permitted to read the

27  loan documents and, "because of his weakened mental state," he

28  could not have understood them if he had.  Id.  As a result of

United States District Court
For the Northern District of California

1   these alleged misrepresentations, Plaintiff took out a loan he

2   could not afford.  <u>Id.</u> ¶ 12.

3       In January 2008, Plaintiff contacted Wells Fargo about

4   increases to his monthly loan payments.  <u>Id.</u> ¶ 25.  One of Wells

5   Fargo's agents offered to assist Plaintiff with a loan

6   modification, and, for the next twenty-eight months, Plaintiff

7   submitted and re-submitted loan modification application materials.

8   <u>Id.</u> ¶¶ 25-26.  Plaintiff alleges that Wells Fargo never reached a

9   decision on his application.  <u>Id.</u> ¶ 26.

10      On August 18, 2011, a notice of default was recorded with the

11  Contra Costa County Recorder's Office, indicating that Plaintiff

12  was over $46,000 in arrears on his loan.  RJN Ex. 5.  On September

13  23, 2011, a substitution of trustee was recorded, substituting NDeX

14  West, LLC as the new trustee.  SAC ¶ 18; RJN Ex. 6.  The

15  substitution was recorded by "WELLS FARGO BANK, NA SUCCESSOR BY

16  MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE."

17  RJN Ex. 6.  Plaintiff alleges that Defendants concocted this name

18  "so that it falsely appears as though there was no need for an

19  actual sale/transfer/assignment and that it is the same entity as

20  the originating bank proceeding with foreclosure under the law."

21  SAC ¶ 24.

22      On December 2, 2011, Plaintiff filed the instant action in

23  California Superior Court, and Wells Fargo timely removed to this

24  Court.  ECF No. 1 Ex A.  On December 12, 2011, a few days after the

25  action was filed, a trustee's sale was conducted, through which

26  Wells Fargo allegedly sold the property to itself at a below-market

27  price.  SAC ¶ 28.  According to the trustee's deed upon sale, the

28  total debt at the time of sale was $763,042.60.  RJN Ex. 8.

**United States District Court**
For the Northern District of California

On or about December 13, 2011, an unidentified local agent of Wells Fargo allegedly offered Plaintiff $10,000 if he and his wife would vacate the property by January 2, 2012.  SAC ¶ 29.  Plaintiff told the agent that he and his wife needed more time and the agent allegedly agreed to give them until January 20, 2012.  Id.  Wells Fargo initiated unlawful detainer proceedings on January 4, 2012.  RJN Ex. 9.  There is no mention of the "cash for keys" agreement in the unlawful detainer complaint.  See id.  Plaintiff allegedly vacated the property on January 15, 2012.  SAC ¶ 29.  After Plaintiff surrendered his keys, the Wells Fargo agent allegedly revoked the offer because of Plaintiff's pending lawsuit.  Id. ¶ 30.  Wells Fargo's counsel informed Plaintiff's counsel that Wells Fargo would only pay the $10,000 if Plaintiff agreed to dismiss this action with prejudice.  Id.  Plaintiff refused this offer.  Id.  On March 16, 2012, Wells Fargo obtained an unlawful detainer judgment against Plaintiff, RJN Ex. 11, allegedly destroying Plaintiff's credit rating, SAC ¶ 31.

On February 13, 2012, Wells Fargo moved to dismiss the first complaint.  ECF No. 11.  On February 27, 2012, the response deadline, Plaintiff filed an amended complaint, asserting claims for: (1) quiet title, (2) declaratory relief, (3) injunctive relief, and (4) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.  ECF No. 14 (First Amended Complaint ("FAC")).  After Wells Fargo filed an unopposed motion to dismiss the FAC, the Court dismissed Plaintiff's claims for declaratory relief and injunctive relief with prejudice.  ECF

**United States District Court**
For the Northern District of California

1  No. 37 ("Nov. 26 Order").[2]  The Court dismissed Plaintiff's other

2  two claims with leave to amend.  Id. at 3.  The Court found that

3  Plaintiff's quiet title claim failed because Plaintiff had not

4  alleged a valid and viable offer of tender.  Id. at 4.  Plaintiff's

5  UCL claim was dismissed because it was supported by nothing more

6  than "legal conclusions and generalities."  Id.  Wells Fargo also

7  filed an unopposed motion to expunge the lis pendens, which the

8  Court denied in order to "give Plaintiff one last chance to

9  establish the 'probable validity' of a claim concerning the real

10  estate at issue."  Id. at 6.

11       Plaintiff subsequently amended his complaint a second time.

12  Like the FAC, the SAC asserts claims for quiet title and violation

13  of the UCL.  The SAC also asserts three new claims for breach of

14  oral contract, rescission of written contract due to

15  unconscionability, and elder abuse.[3]  Wells Fargo now moves to

16  dismiss all five claims pursuant to Federal Rule of Civil Procedure

17  12(b)(6).  Wells Fargo also moves to expunge the lis pendens.

18

19  **III.  DISCUSSION**

20       **A.  Motion Dismiss**

21       A motion to dismiss under Federal Rule of Civil Procedure

22  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

23  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

24  _____

25  [2] Sowinski v. Wells Fargo Bank, N.A., 2012 WL 5904711, 2012 U.S.
Dist. LEXIS 168198 (N.D. Cal. Nov. 26, 2012).

26

27  [3] In the SAC, Plaintiff numbers his causes of action as follows:
(1) quiet title, (2) breach of oral contract, (3) rescission, (5)
elder abuse, and (6) UCL.  The Court assumes that the omission of

28  claim four was merely a numbering error and refers to Plaintiff's
claims for elder abuse and UCL as claims (4) and (5), respectively.

5

United States District Court
For the Northern District of California

on the lack of a cognizable legal theory or the absence of
sufficient facts alleged under a cognizable legal theory."
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
1988).  "When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement to relief."  Ashcroft v.
Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court
must accept as true all of the allegations contained in a complaint
is inapplicable to legal conclusions.  Threadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  Id. at 663 (citing Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a
complaint must be both "sufficiently detailed to give fair notice
to the opposing party of the nature of the claim so that the party
may effectively defend against it" and "sufficiently plausible"
such that "it is not unfair to require the opposing party to be
subjected to the expense of discovery."  Starr v. Baca, 633 F.3d
1191, 1204 (9th Cir. 2011).

     With these principles in mind, the Court turns to each of the
claims challenged by Wells Fargo.

          1.   Quiet Title

     Defendants move to dismiss Plaintiff's first cause of action
for quiet title on the ground that Plaintiff has once again failed
to allege a valid and viable offer of tender.  MTD at 4.  Plaintiff
responds that the tender requirement only applies in cases where a
plaintiff alleges defects in the foreclosure process and Plaintiff
has made no such allegation here.  Opp'n at 10.  Plaintiff cites no
authority to support this proposition, and the case law holds

United States District Court
For the Northern District of California

1   otherwise.  See Ananiev v. Aurora Loan Services, LLC, C 12-2275 SI,
2   2012 WL 4099568, at *3 (N.D. Cal. Sept. 17, 2012).  Further,
3   Plaintiff has in fact alleged deficiencies in the foreclosure
4   process.  Specifically, Plaintiff alleges that Wells Fargo's claim
5   to the property is based on a "fraudulent substitution of trustee."
6   FAC ¶ 34.

7       Plaintiff also argues that he need not tender because he has
8   alleged that the underlying loan transaction was unconscionable.
9   Opp'n at 11.  This argument has merit.  As the California Court of
10  Appeal held in Lona v. Citibank, N.A., "if the borrower's action
11  attacks the validity of the underlying debt, a tender is not
12  required since it would constitute an affirmation of the debt."
13  202 Cal. App. 4th 89, 112 (Cal. Ct. App. 2011).  Wells Fargo
14  suggests that the Court's November 26 Order somehow precludes
15  Plaintiff from asserting an exception to the tender rule.  Mot. at
16  4; Reply at 1.  But nothing in that Order was intended to set aside
17  well-established California law.  Wells Fargo also asserts that
18  Lona is inapposite because that case dealt with an equitable cause
19  of action to set aside a trustee's sale, while this case concerns a
20  claim for quiet title.  Reply at 2.  However, Wells Fargo does not
21  explain why that distinction is significant or why the Court could
22  not construe Plaintiff's claim as an equitable cause of action.
23  Wells Fargo also argues that Lona's discussion of the
24  unconscionability exception should be accorded limited weight since
25  the defendant in that case only lost on the issue because it failed
26  to brief it.  Id. at 3.  But Wells Fargo fails to address the long
27  line of authority recognizing this particular exception to the
28  tender rule.  See, e.g., Shuster v. BAC Home Loans Servicing, LP,

1  211 Cal. App. 4th 505, 512 (Cal. Ct. App. 2012); Onofrio v. Rice,

2  55 Cal. App. 4th 413, 424 (Cal. Ct. App. 1997); Stockton v. Newman,

3  148 Cal. App. 2d 558, 564 (Cal. Ct. App. 1957).

4       Wells Fargo also argues that Plaintiff's claims of

5  unconscionability are barred by the Home Owners Loan Act ("HOLA"),

6  12 U.S.C. 1461 et seq.  Pursuant to regulations promulgated by the

7  Office of Thrift Supervision ("OTS"), state laws are preempted

8  where they purport to impose requirements regarding "[t]he terms of

9  credit, including amortization of loans and the deferral and

10 capitalization of interest and adjustments to the interest rate,

11 balance, payments due, or term to maturity of the loan . . . ."  12

12 C.F.R. § 560.2(b)(4).  However, state "contract and commercial

13 law," "real property law," and "tort law," among other things, "are

14 not preempted to the extent that they only incidentally affect

15 lending operations . . . or are otherwise consistent with the

16 purpose [of the regulation]."  Id. § 560.2(c).  Accordingly, "[t]o

17 the extent that [a] [p]laintiff's claims are premised on fraud or

18 promises made by [the lender], such claims are not necessarily

19 preempted, because the only 'requirement' they impose on federal

20 savings banks is that they be held responsible for the statements

21 they make to their borrowers."  Rumbaua v. Wells Fargo Bank, N.A.,

22 No. 11-1998 SC, 2011 WL 3740828, at *7 (N.D. Cal. Aug. 25, 2011).

23 Such is the case here.  Plaintiff alleges that he was given a loan

24 he could not afford because WSB -- Wells Fargo's predecessor-in-

25 interest -- misrepresented his income and the value of his property

26 on a loan application and because WSB lied about the terms of the

27 proposed loan.  SAC ¶ 35.  Contrary to Wells Fargo's argument,

28 Plaintiff's claim for quiet title does not impose additional

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  requirements on the terms of credit that are included in the the

2  loan agreement.  Rather, the claim asserts that the terms of credit

3  were the result of a series of misrepresentations.  Such a claim is

4  not preempted by HOLA.

5       Finally, Wells Fargo argues that, under principles of res

6  judicata, the unlawful detainer action precludes Plaintiff from

7  challenging the validity of the foreclosure sale.  It is true that

8  "subsequent fraud or quiet title suits founded upon allegations of

9  irregularity in a trustee's sale are barred by [a] prior unlawful

10 detainer judgment."  Malkoskie v. Option One Mortg. Corp., 188 Cal.

11 App. 4th 968, 974 (Cal. Ct. App. 2010) (quoting Vella v. Hudgins,

12 20 Cal. 3d 251, 256 (Cal. 1977)).  Plaintiff's quiet title claim

13 is, in part, predicated on irregularities in the foreclosure sale.

14 See FAC ¶ 34.  However, as noted above, it is also based on

15 allegations that Wells Fargo's predecessor-in-interest made a

16 number of misrepresentations during loan origination.  Accordingly,

17 to the extent that Plaintiff's claim for quiet title is not

18 predicated on alleged deficiencies in the foreclosure process, it

19 is not precluded by the unlawful detainer judgment.

20      For these reasons, Wells Fargo's Motion to Dismiss is DENIED

21 as to Plaintiff's first claim for quiet title.

22                  2.  Breach of Oral Contract

23      Plaintiff's second cause of action for breach of oral

24 contract, along with his third and fourth causes of action, were

25 not raised in either of his two prior complaints.  After Plaintiff

26 neglected to respond to Wells Fargo's last motion to dismiss, the

27 Court dismissed Plaintiff's first amended complaint with leave to

28 amend so that Plaintiff could cure certain pleading deficiencies.

**United States District Court**
For the Northern District of California

1  The Court did not grant Plaintiff leave to amend to plead three
2  additional causes of action, nor is there any indication that Wells
3  Fargo consented to these amendments.  Accordingly, the amendments
4  are procedurally improper.  See Fed. R. Civ. P. 15 (plaintiff may
5  amend once as a matter of course and any other amendments require
6  opposing party's written consent or court's leave).  However, as
7  leave to amend should be freely given, id. 15(a)(1)(B)(3), the
8  Court declines to dismiss these new causes of action.  Any future
9  amendments which would add new causes of action should be made in
10 accordance with Rule 15.

11      Plaintiff's second cause of action is predicated on
12 Defendants' alleged breach of an oral agreement to pay Plaintiff
13 $10,000 if he and his wife moved out of the subject property by a
14 certain date.  Wells Fargo moves to dismiss on two grounds.  First,
15 it argues that the claim is barred by the statute of frauds.  MTD
16 at 5.  This argument lacks merit.  While the statute of frauds
17 clearly applies to agreements for the sale of real property and
18 agreements to pay an indebtedness secured by mortgage upon the
19 property purchased, Cal. Civ. Code § 1624(a)(3), (6), Wells Fargo
20 cites no authority suggesting that it also applies to the type of
21 cash-for-keys agreement at issue here.

22      Wells Fargo's second argument, that Plaintiff has failed to
23 plead the elements of an oral contract, MTD at 5-6, is more
24 persuasive.  According to the SAC, Wells Fargo's agent offered
25 Plaintiff $10,000 to move out of the property by January 2, 2012.
26 SAC ¶ 38.  Plaintiff counter-offered, and Wells Fargo's agent
27 allegedly agreed to a January 20, 2012 move-out date.  Id.
28 However, it is unclear from the SAC -- and Plaintiff's opposition

1   -- whether there was a meeting of the minds over the counter-offer,

2   i.e., whether the parties agreed that Plaintiff would be

3   compensated for moving out by January 20.  Plaintiff has also

4   failed to plead whether the unidentified agent mentioned in the SAC

5   had the authority to make such a deal on behalf of Wells Fargo.

6   Plaintiff's opposition papers aver that Plaintiff confirmed the

7   agent's authority, but the Court cannot consider facts asserted in

8   the opposition without converting Wells Fargo's 12(b)(6) motion

9   into a motion for summary judgment.  See United States v. Ritchie,

10  342 F.3d 903, 909 (9th Cir. 2003).

11      Accordingly, the Court DISMISSES Plaintiff's claim for breach

12  of oral contract, but GRANTS Plaintiff leave to amend so as to

13  plead the exact terms of the oral contract and the purported

14  agent's authority to enter into the alleged contract.

15          3.  Rescission

16      Wells Fargo argues that Plaintiff's third cause of action for

17  "rescission of written contract due to uncons[c]ionability pursuant

18  to [California] Civil Code § 1670.5" fails because

19  unconscionability is an affirmative defense, not a cause of action.

20  The Court agrees.  Civil Code section 1670.5 provides that a court

21  may refuse to enforce a contract if it finds "the contract or any

22  clause of the contract to have been unconscionable at the time it

23  was made."  Cal. Civ. Code § 2670.5(a).  Nothing in the statute

24  provides for an independent cause of action.  Prevailing case law

25  is in accord.  See Rubio v. Capital One Bank, 613 F.3d 1195, 1206

26  (9th Cir. 2010).  Plaintiff cites Lona, 202 Cal. App. 4th at 101,

27  for the contrary proposition, but nothing in that decision suggests

28  that a plaintiff can state an independent claim for

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   unconscionability.  In any event, Plaintiff's rescission claim is

2   largely, if not entirely, duplicative of his first cause of action.

3   <u>Compare</u> FAC ¶¶ 45-47 <u>with</u> <u>id.</u> ¶ 35.  For these reasons, Plaintiff's

4   rescission claim is DISMISSED WITH PREJUDICE.

5                4.   <u>Elder Abuse</u>

6       Wells Fargo argues that Plaintiff's fourth claim for elder

7   abuse is time barred.  The statute of limitations for financial

8   elder abuse is four years, Cal. Wel. & Inst. Code § 15657.7, and

9   Plaintiff alleges that he entered into the loan transaction in

10   2006, <u>see</u> SAC ¶ 10, over five years before he filed the instant

11   action.

12       Plaintiff counters that the statute of limitations has not run

13   because his elder abuse claim relates to ongoing conduct over a

14   series of years, culminating in the breach of the cash-for-keys

15   agreement in January 2011.  Opp'n at 16.  However, Plaintiff has

16   yet to allege any actionable conduct beyond the misrepresentations

17   Defendants allegedly made in connection with the loan transaction.

18   Plaintiff's allegation that Wells Fargo's actions somehow violated

19   a February 2012 agreement with the Department of Justice is

20   implausible, as all of the events involved in this case pre-date

21   2012.  <u>See</u> SAC ¶ 53.  Plaintiff also asserts that Wells Fargo

22   "h[eld] out the possibility of a loan modification and ke[pt]

23   Plaintiff in the process for over 28 months," Opp'n at 16, but

24   fails to explain how this conduct amounted to elder abuse.  To the

25   extent that Plaintiff means to plead that Wells Fargo engaged in

26   double-tracking, i.e., purporting to review a loan modification

27   request while at the very same time foreclosing on the property,

28   his allegations amount to little more than legal conclusions.

**United States District Court**
For the Northern District of California

1   Further, as noted in Section III.A.2 <u>supra</u>, Plaintiff's claim for

2   breach of an oral contract is implausible as pled.

3       Accordingly, Plaintiff's claim for elder abuse is DISMISSED

4   with leave to amend.

5           5.   <u>UCL</u>

6       In its November 13 Order granting Wells Fargo's motion to

7   dismiss the first amended complaint, the Court identified a number

8   of defects in Plaintiff's UCL claim, including Plaintiff's failure

9   to (1) identify the prong on which his UCL claim rests, (2) plead

10  fraud with specificity, and (3) specify how his allegations support

11  his UCL claim.  Nov. 13 Order at 4-5.  Plaintiff attempts to cure

12  the third deficiency by copying and pasting allegations from other

13  parts of the SAC into the UCL section (rather than incorporating

14  the allegations by reference as he did last time), and largely

15  ignores the rest of the Court's guidance.  In his opposition brief,

16  Plaintiff assures the Court that he is able to plead more facts.

17  Opp'n at 17.  But Plaintiff has already had the benefit of two

18  amended complaints, three motions to dismiss, and one Court order

19  providing specific guidance on this very point.  As Plaintiff has

20  failed to follow that guidance, the Court DISMISSES his UCL claim

21  WITH PREJUDICE.

22      **B.   Motion to Expunge Lis Pendens**

23      Plaintiff bears the burden of proving that the lis pendens

24  should not be expunged, notwithstanding Wells Fargo being the

25  moving party.  Cal. Civ. Proc. Code § 405.30; <u>Cua v. Mortgage Elec.</u>

26  <u>Registration Sys.</u>, Inc., No. C 09-01605 SBA, 2012 WL 2792437, at *1

27  (N.D. Cal. July 9, 2012).  "A lis pendens shall be expunged if the

28  court finds either that the pleading on which the notice is based

**United States District Court**
For the Northern District of California

1  does not contain a real property claim, or that the claimant failed
2  to establish by a preponderance of the evidence the probable
3  validity of the real property claim." <u>Cua</u>, 2012 WL 2792437, at *1.

4      Wells Fargo's current motion to expunge the lis pendens is
5  almost identical to its last motion to expunge the lis pendens.
6  <u>Compare</u> MTE <u>with</u> ECF No. 19.  Once again, Wells Fargo argues that
7  (1) Plaintiff is incapable of bringing a claim that affects title
8  since he cannot tender his debt, and (2) the lis pendens is void
9  because it was not properly served and recorded.  As Plaintiff's
10 quiet title claim remains undisturbed, he is clearly capable of
11 bringing a claim that affects the title to the property.  <u>See</u>
12 Section III.A.1 <u>supra</u>.  However, Plaintiff has failed to respond to
13 Wells Fargo's argument concerning the service and recordation of
14 the lis pendens.  In fact, Plaintiff appears to have ignored Wells
15 Fargo's motion to expunge altogether.  His opposition brief does
16 not reference the motion, other than in the caption.  Since
17 Plaintiff bears the burden of proof in opposing the motion, his
18 failure to respond is fatal to his lis pendens.  While the Court
19 was previously inclined to give Plaintiff another chance to
20 establish the "probable validity" of a claim concerning the real
21 estate at issue, Nov. 26 Order at 6, this is now the second time
22 Plaintiff has failed to respond to a motion to expunge.

23     Accordingly, Wells Fargo's motion to expunge the lis pendens
24 is GRANTED.

25

26 **V.   <u>CONCLUSION</u>**

27     For the reasons set forth above, Defendant Wells Fargo Bank,
28 N.A.'s motion to dismiss Plaintiff Richard Sowinski's second

14

United States District Court
For the Northern District of California

amended complaint is GRANTED in part and DENIED in part.

- Plaintiff's first claim for quiet title remains undisturbed to the extent it is not premised on deficiencies in the foreclosure process.
- Plaintiff's second claim for breach of oral contract is DISMISSED with leave to amend.
- Plaintiff's third claim for rescission is DISMISSED WITH PREJUDICE.
- Plaintiff's fourth claim for elder abuse is DISMISSED with leave to amend.
- Plaintiff's fifth claim for violation of the UCL is DISMISSED WITH PREJUDICE.

The Court also GRANTS Defendants' motion to expunge the lis pendens.  Plaintiff shall file an amended complaint within thirty (30) days of the signature date of this Order.  Failure to do so may result in dismissal with prejudice of his causes of action for breach of oral contract and elder abuse.  Plaintiff shall comply with Rule 15 prior to asserting any previously unpled causes of action.


    IT IS SO ORDERED.


    Dated:  February 26, 2013

    _____
    UNITED STATES DISTRICT JUDGE