United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD SOWINSKI,              ) Case No. 11-6431-SC
                               )
        Plaintiff,             ) ORDER GRANTING IN PART AND
                               ) DENYING IN PART MOTION TO
    v.                         ) DISMISS THIRD AMENDED
                               ) COMPLAINT
WELLS FARGO BANK, N.A., and DOES )
1-10,                          )
                               )
        Defendants.            )
_____)

I.    **INTRODUCTION**

       Plaintiff Richard Sowinski ("Plaintiff") challenges Defendant

Wells Fargo Bank, N.A.'s ("Defendant") foreclosure of his

residential mortgage and the subsequent trustee sale of his

residence.  Plaintiff recently filed a third amended complaint, ECF

No. 50 ("3AC"), which Defendant now moves to dismiss pursuant to

Federal Rule of Civil Procedure 12(b)(6), ECF No. 51 ("MTD").  It

is the fourth motion to dismiss filed in this case.  The last

motion to dismiss was granted in part and denied in part.  ECF No.

49 ("Feb. 26 Order").[1]  In the motion to dismiss now before the

Court, Defendant argues that the 3AC fails to cure the deficiencies

previously identified by the Court and also raises new grounds to

_____
[1] Sowinski v. Wells Fargo Bank, N.A., 11-6431-SC, 2013 WL 706825,
2013 U.S. Dist. LEXIS 26330 (N.D. Cal. Feb. 26, 2013).

1   dismiss claims that were previously left undisturbed.  The motion

2   is fully briefed, ECF Nos. 54 ("Opp'n"), 56 ("Reply"), and suitable

3   for determination without oral argument pursuant to Civil Local

4   Rule 7-1(b).  For the reasons set forth below, the motion is

5   GRANTED in part and DENIED in part.

6

7   II.   <u>BACKGROUND</u>

8        As it must on a Rule 12(b)(6) motion to dismiss, the Court

9   takes all well-pleaded factual allegations as true.  On February 3,

10  2006 Plaintiff and his wife, Mary B. Sowinski, borrowed $672,000

11  from World Savings Bank, FSB ("WSB").  Feb. 26 Order at 2.  The

12  loan was secured by a deed of trust recorded against Plaintiff's

13  residence in Walnut Creek, California.  <u>Id.</u>  According to

14  judicially noticeable correspondence from federal banking

15  regulators, WSB later changed its name to Wachovia Mortgage, FSB,

16  which was subsequently converted to Wells Fargo Bank Southwest,

17  N.A., and then merged into Defendant.  <u>Id.</u>

18       At the time of the loan transaction, Plaintiff was sixty-eight

19  years old and allegedly suffered from "pre-Alzheimers."  <u>Id.</u>

20  Plaintiff alleges that he was intentionally misled as to the terms

21  of the loan transaction.  <u>Id.</u>  Specifically, Plaintiff alleges

22  that: (1) WSB falsely represented that the interest rate on the

23  loan was fixed rather than adjustable; (2) WSB falsely stated

24  Plaintiff's income and the value of the property on the loan

25  application; (3) Plaintiff was not permitted to read the loan

26  documents and, "because of his weakened mental state," he could not

27  have understood them if he had been.  3AC ¶ 9.  As a result of

28  these alleged misrepresentations, Plaintiff took out a loan he

1   could not afford.  See id. ¶ 15.

2       In January 2008, Plaintiff contacted Defendant about increases

3   to his monthly loan payments.  Id. ¶ 25.  One of Wells Fargo's

4   agents offered to assist Plaintiff with a loan modification, and

5   for the next twenty-eight months, Plaintiff submitted and re-

6   submitted loan modification application materials.  Id. ¶¶ 25-26.

7   Plaintiff alleges that Wells Fargo never reached a decision on his

8   application.  Id. ¶ 26.

9       On August 18, 2011, a notice of default was recorded with the

10  Contra Costa County Recorder's Office, indicating that Plaintiff

11  was over $46,000 in arrears on his loan.  Feb. 26 Order at 3.  On

12  December 2, 2011, Plaintiff filed the instant action in California

13  Superior Court, and Defendant timely removed to this Court.  Id.

14  On December 12, 2011, a few days after the action was filed, a

15  trustee's sale was conducted, through which Wells Fargo allegedly

16  sold the property to itself at a below-market price.  Id.

17  According to the trustee's deed upon sale, the total debt at the

18  time of sale was $763,042.60.  Id.

19      On or about December 13, 2011, Monique Martin met with

20  Plaintiff and his wife at their Walnut Creek residence.  3AC ¶ 29.

21  Martin identified herself as the local agent for Defendant and

22  represented that she was in charge of the foreclosure process.  Id.

23  Plaintiff later called a supervisor in Defendant's organization and

24  confirmed Martin's status.  Id.  Martin offered Plaintiff and his

25  wife $10,000 "cash for keys" if they vacated the property by

26  January 2, 2012.  Id.

27      Plaintiff and his wife later informed Martin that "they had no

28  choice but to accept the offer but would need additional time to

United States District Court
For the Northern District of California

3

1   move [out]."  Id. ¶ 30.  Martin agreed that the $10,000 cash-for-

2   keys offer would remain open through January 20, 2012 and that

3   Defendant would only pay Plaintiff and his wife if they vacated the

4   home by that date in "clean broom" condition.  Id.  Plaintiff

5   accepted the offer and thoroughly cleaned and vacated the property

6   on January 15, 2012.  Id.  When Plaintiff gave the keys to Martin,

7   she informed him that Defendant had revoked the offer because there

8   was a lawsuit pending.  Id. ¶ 31.  Defendant's counsel informed

9   Plaintiff's counsel that Defendant would only pay the $10,000 if

10  Plaintiff agreed to dismiss this action with prejudice.  Id.

11  Plaintiff refused this offer.  Id.  Defendant subsequently obtained

12  an unlawful detainer judgment against Plaintiff, destroying

13  Plaintiff's credit rating.  Id. ¶ 32.

14       There have been several rounds of motion practice in

15  connection with Plaintiff's pleading.  Defendant's last motion to

16  dismiss was granted in part and denied in part.  The Court declined

17  to dismiss Plaintiff's claim for quiet title to the extent that it

18  was not premised on deficiencies in the foreclosure process.  Feb.

19  26 Order at 9.  Plaintiff's claim for breach of oral contract,

20  which was brought in connection with the parties cash-for-keys

21  agreement, was dismissed with leave to amend so that Plaintiff

22  could plead the exact terms of the oral contract and Defendant's

23  agent's authority to enter into it.  Id. at 11.  The Court also

24  dismissed with leave to amend Plaintiff's claim for elder abuse,

25  finding that Plaintiff's allegations were implausible as pled.  Id.

26  at 12-13.  All other claims were dismissed with prejudice.

27       Plaintiff's 3AC asserts claims for (1) quiet title, (2) breach

28  of oral contract, and (3) elder abuse.  Defendant now moves to

1  dismiss all three claims pursuant to Federal Rule of Civil

2  Procedure 12(b)(6) for failure to state a claim.

3

4  **III.  <u>LEGAL STANDARD</u>**

5       A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency

6  of a claim."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).

7  "Dismissal can be based on the lack of a cognizable legal theory or

8  the absence of sufficient facts alleged under a cognizable legal

9  theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699

10 (9th Cir. 1988).  "When there are well-pleaded factual allegations,

11 a court should assume their veracity and then determine whether

12 they plausibly give rise to an entitlement to relief."  <u>Ashcroft v.</u>

13 <u>Iqbal</u>, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

14 must accept as true all of the allegations contained in a complaint

15 is inapplicable to legal conclusions.  Threadbare recitals of the

16 elements of a cause of action, supported by mere conclusory

17 statements, do not suffice."  <u>Id.</u> at 663 (citing <u>Bell Atl. Corp. v.</u>

18 <u>Twombly</u>, 550 U.S. 544, 555 (2007)).  The allegations made in a

19 complaint must be both "sufficiently detailed to give fair notice

20 to the opposing party of the nature of the claim so that the party

21 may effectively defend against it" and "sufficiently plausible"

22 such that "it is not unfair to require the opposing party to be

23 subjected to the expense of discovery."  <u>Starr v. Baca</u>, 633 F.3d

24 1191, 1204 (9th Cir.2011).

25 ///

26 ///

27 ///

28 ///

United States District Court
For the Northern District of California

IV. **DISCUSSION**

A. **Quiet Title**

Despite the fact that the Court left Plaintiff's quiet title claim largely undisturbed in its February 26 Order on Defendant's previous motion to dismiss, Defendant moves to dismiss that claim again. Defendant argues (1) that Plaintiff cannot now attack the validity of the underlying debt because he previously affirmed its validity by agreeing to the alleged cash-for-keys agreement; (2) Plaintiff failed to allege the necessary elements of a claim for quiet title; and (3) pursuant to Rule 12(b)(7), Plaintiff failed to join a necessary party, his wife, who is also a title-holder.[2] Mot. at 1, 3-5.

These arguments were not raised in any of Defendant's three previous motions to dismiss. See ECF Nos. 11, 18, 39. Accordingly, Federal Rule of Civil Procedure 12(g)(2) bars Defendant from raising them now. Rule 12(g)(2) provides: "Except as provided in Rule 12(h)(2) . . . , a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(2) provides: "Failure to state a claim upon which relief can be granted to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised" in any Rule 7(a) pleading, by a Rule 12(c) motion, or at trial.

[2] The Court notes that Defendant's arguments regarding Rule 12(b)(7) and the joinder of Plaintiff's wife are cursory at best. The entirety of Defendant's argument is contained in two short sentences in the introduction to its motion. Defendant does not cite to any law concerning joinder or cite to any judicially noticeable documents showing that Plaintiff's wife was also a title holder.

1    In sum, under Rule 12(g), Defendant was required to

2  consolidate all Rule 12 defenses in a single pre-answer motion to

3  dismiss.  Defendant failed to do so with respect to its new

4  arguments concerning Plaintiff's quiet title claim.  Accordingly,

5  its motion to dismiss that claim is denied.

6       **B.**   **Breach of Oral Contract**

7    Defendant contends that Plaintiff's breach of oral contract

8  claim remains flawed.  First, Defendant asserts that Plaintiff has

9  not articulated Martin's authority to bind Defendant to the cash-

10  for-keys agreement.  Mot. at 5.  However, Plaintiff has

11  specifically alleged that Martin represented that she was in charge

12  of the foreclosure process and that Plaintiff confirmed this fact

13  with one of Defendant's supervisors.  3AC ¶ 29.  Defendant suggests

14  that Plaintiff could not have reasonably believed that Martin had

15  authority because the foreclosure process was complete by the time

16  she made the cash-for-keys offer.  Mot at 5-6.  Defendant appears

17  to be clutching at straws.  If Martin was in charge of the

18  foreclosure of Plaintiff's home, as Defendant's own agents

19  allegedly confirmed, it was reasonable for Plaintiff to believe

20  that she would also have the authority to make arrangements for

21  Defendant to take possession of the property.

22    Defendant's remaining arguments seek to hold Plaintiff to a

23  curiously high pleading standard.  Despite the fact that Plaintiff

24  alleges that he and his wife accepted the cash-for-keys offer

25  sometime around January 15, 2012, see 3AC ¶¶ 29-30, Defendant

26  argues that Plaintiff cannot state a claim because he failed to

27  allege when or how he accepted the offer.  Mot. at 6.  Defendant

28  also argues that Plaintiff failed to plead that he left the

**United States District Court**
For the Northern District of California

1   property in "clean broom condition" or relinquished possession of

2   the property, id., in spite of Plaintiff's allegations that he

3   thoroughly cleaned and vacated the property on or around January

4   15, 2012, 3AC ¶ 30.   Plaintiff need not plead every single detail

5   related to the alleged cash-for-keys agreement.   He need only plead

6   a plausible claim for relief.   See Iqbal, 556 U.S. at 664.   The

7   Court finds that Plaintiff has met that burden.[3]

8       Accordingly, the Court declines to dismiss Plaintiff's claim

9   for breach of an oral contract.

10  **C.   Elder Abuse**

11      As pled, Plaintiff's claim for elder abuse is predicated on:

12  (1) the 2006 loan transaction, which Plaintiff claims was

13  unconscionable; (2) the foreclosure process, which allegedly

14  amounted to illegal "double-tracking"; and (3) the cash-for-keys

15  agreement, which was allegedly intended to trick Plaintiff to

16  vacate the property without a fight.   The Court has already held

17  that Plaintiff's conclusory double-tracking allegations are

18  insufficient.   Feb. 26 Order at 12.   Accordingly, that aspect of

19  Plaintiff's claim for elder abuse is DISMISSED WITH PREJUDICE.

20      Defendant argues that Plaintiff's elder abuse claim is time-

21  barred to the extent that it is predicated on the 2006 loan

22  transaction.   Mot. at 6.   Plaintiff responds that the statute of

23  limitations is not relevant because his elder abuse claim relates

24  to ongoing conduct over a series of years.   Opp'n at 5.   Defendant

25  _____

26  [3] Defendant raises a number of other arguments for the first time
    in its reply brief.   Reply at 4-6.   As Plaintiff was not provided
27  an opportunity to respond to these arguments, the Court does not
    consider them.   See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.
28  1999) ("[A]n argument raised for the first time in a reply brief, .
    . . is not an argument that we may consider here.").

**United States District Court**
For the Northern District of California

1  argues that the court should apply the "separate accrual rule,"

2  whereby the statute of limitations applies separately to causes of

3  action arising out of distinct injuries or occurrences.  Reply at 7

4  (citing Grimmett v. Brown, 75 F.3d 506, 511 (9th Cir. 1996)

5  (applying the separate accrual rule in the RICO context)).

6  However, Defendant has not cited any California authority applying

7  the separate accrual rule in this context, and thus has failed to

8  meet its burden as the moving party.

9      Plaintiff also alleges that Defendant violated the elder abuse

10  statute, Cal. Welf. & Inst. Code § 15600 et al., by tricking him

11  into giving up possession of his property by offering the cash-for-

12  keys agreement.  Defendant argues that it did not obtain possession

13  of the property through the cash-for-keys agreement, but through an

14  unlawful detainer action, proceedings that Defendant claims are

15  privileged under California law.  Mot. at 7.  Consistent with his

16  pleading, Plaintiff responds that Defendant took possession of the

17  property before the unlawful detainer judgment was rendered.  Opp'n

18  at 6-7.  The dispute over when and how Defendant took possession of

19  the property is a factual issue, not amenable for determination on

20  a motion to dismiss.

21      Defendant also argues that Plaintiff has failed to plead that

22  the abusive conduct alleged was authorized or ratified by an

23  officer, director, or managing agent of Defendant, as required by

24  the elder abuse statute.  Mot. at 7 (citing Cal. Welf. & Inst. Code

25  § 15657(c)).  The Court finds that it is plausible that an officer,

26  director, or managing agent of Defendant authorized the acts

27  alleged in the complaint.  Whether or not the conduct at issue was

28  actually ratified may be determined through discovery and is not

appropriate for resolution here.

Accordingly, Plaintiff's claim for elder abuse is DISMISSED WITH PREJUDICE to the extent that it is predicated on the double-tracking allegations in the Complaint.  It remains undisturbed in all other respects.

**V.    CONCLUSION**

For the foregoing reasons, Defendant Wells Fargo Bank, N.A.'s motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's elder abuse claim is DISMISSED WITH PREJUDICE to the extent discussed in Section IV.C supra.  Plaintiff's other claims remain undisturbed.


IT IS SO ORDERED.


Dated:  June 4, 2013

_____
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California