Robert A. Bailey (#214688)
 rbailey@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SOWINSKI,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. AND DOES 1-10,<br><br>    Defendants. | Case No.: 3:11-cv-06431-SC<br><br>[The Honorable Samuel Conti]<br><br>**THIRD STIPULATION AND ~~PROPOSED~~ ORDER TO EXTEND DEADLINE FOR HEARING DISPOSITIVE MOTIONS AND TO CONTINUE TRIAL [L.R. 6-2]**<br><br>IT IS SO ORDERED AS MODIFIED |

THE PARTIES THROUGH THEIR UNDERSIGNED COUNSEL STIPULATE PURSUANT TO LOCAL RULE 6-2 AS FOLLOWS

Whereas, on July 26, 2013, this Court issued its case management order setting a Discovery Cutoff date of January 10, 2013, the Last Day to Hear Dispositive Motions for February 7, 2014 and trial for March 17, 2014.

Whereas, defendant Wells Fargo Bank, N.A., ("Wells Fargo") has propounded written discovery and requests for production of documents on Plaintiff.

Whereas, although Plaintiff has agreed to produce documents he has not yet done so.

Whereas, Wells Fargo properly noticed the depositions of Plaintiff and Mrs. Sowinski to take place on December 10, 2013. However, on December 5, 2013 Plaintiff's counsel advised Wells Fargo that Plaintiff and Mrs. Sowinski were too ill to proceed with their depositions.

1  Plaintiff's counsel also advised that he represents Mrs. Sowinski.

2      Whereas, as a result of Plaintiff's and Mrs. Sowinski's failure to attend their deposition
3  and provide discovery, the Parties stipulated to continue the date by which Wells Fargo could
4  complete discovery as well as the deadline for hearing dispositive motions.  On December 6,
5  2013 the Court entered an order extending Wells Fargo's discovery cutoff to January 24, 2014
6  and the date by which dispositive motions must be heard to February 21, 2014.  (Dkt #64).

7      Whereas, Plaintiff's counsel thereafter provided new dates on which he and his clients
8  would be available for deposition.  Based on this information, Wells Fargo properly noticed the
9  depositions of Plaintiff and Mrs. Sowinski for January 14 and January 15, 2014, respectively.
10  On January 13, 2014, Plaintiff's counsel emailed Wells Fargo's counsel to advise these
11  depositions could not go forward, this time due to counsel's illness.  The parties therefore
12  entered into another stipulation by which Plaintiff and Mrs. Sowinski would be appear for their
13  depositions on January 24, 2013 and that no further extensions or continuances of the depositions
14  would be made.  The Court entered an order to this effect on January 16, 2014 (Dkt. #68).

15      Whereas, despite this order, Plaintiff's counsel emailed Wells Fargo's counsel on January
16  22, 2014 at 9:25 p.m. to advise that his clients would not be attending their depositions on
17  January 24, 2014.  Plaintiff's counsel has advised Defendant's counsel that the reason was the
18  serious illness of Mrs. Sowinski and Dr. Sowinski's desire and need to assist her and his
19  emotional state at the time.  Plaintiff's counsel has also advised Defendant's counsel that Mrs.
20  Sowinski is currently hospitalized and undergoing surgery this week.  Plaintiff's counsel has
21  advised Defendant's counsel that both Dr. and Mrs. Sowinski are in their late seventies and have
22  been married almost fifty years.

23      Whereas, Plaintiff's counsel has advised Defendant's counsel that Plaintiff has ordered
24  copies of the relevant documents from the parties holding them (to wit, Plaintiff's 2005 tax
25  return from the IRS and rent receipts from Plaintiff's retirement community), Plaintiff's
26  continuing failure to provide documents and his and Mrs. Sowinski's failure to participate in
27  depositions have impeded Wells Fargo's ability to bring a Motion for Summary Judgment and
28  prepare for trial within the timeframe set by the Court's July 26, 2013 scheduling order, as

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  modified by the Court's December 6, 2013 Order and January 16, 2014 Order.

2      The declaration required by Local Rule 6-2(a) is attached.

3  WHEREFORE, the parties stipulate as follows:

4      Plaintiff will not present live or written testimony (by declaration or affidavit) of Mrs. Sowinski in connection with any motion, trial, or other proceeding in this matter.

6      Plaintiff will appear for deposition in southern California, where the parties' counsel are located, at a mutually convenient time to be determined, but in no event later than ten days prior to the last date for filing of a dispositive motion. All documents will have been provided to Defendant's counsel no later than ten days prior to such deposition.

10      The deadline by which dispositive motions must be heard is extended to April 18, 2014.

11      The pretrial conference ~~may be rescheduled to May 5, 2014~~. is vacated.

12      Trial ~~may be continued to May 19, 2014~~. date is vacated

13      All other dates in the Court's July 26, 2013 scheduling order as modified by its December 6, 2013 Order and January 16, 2014 Order will remain unaffected.

15  IT IS SO STIPULATED.

16  Dated: January 31, 2013      ANGLIN, FLEWELLING, RASMUSSEN,
     CAMPBELL & TRYTTEN LLP

     By:   */s/ Robert A. Bailey*
     Robert A. Bailey
     Attorneys for Defendant
     WELLS FARGO BANK, N.A.

20  Dated: January 31, 2013      GRAHAM & MARTIN

     By:   */s/ Anthony Graham*
     Anthony Graham
     Attorneys for Plaintiff
     RICHARD SOWINSKI

24  PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED. The pretrial and trial dates are hereby VACATED. Parties shall request new dates after the depositions have been taken.

26  Dated: 01/31/2014

     Hon. Samuel Conti
     United States District Judge